UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>JOSE PEREZ-ROMERO,<br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [58] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br>Case No. 2:22-cr-00250<br>District Judge David Barlow |

This matter is before the court on Jose Perez-Romero's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the court denies the Motion.

Mr. Perez-Romero is a citizen of Mexico who pled guilty to possession of heroin with intent to distribute. He was sentenced to 27 months incarceration and 36 months of supervised release.

Mr. Perez-Romero's supervised release term began on April 29, 2024, at which time he was also deported to Mexico through Nogales, Arizona by Immigration and Customs Enforcement officials. Since that time, the probation officer has not received any information indicating the defendant has violated supervision. He has now been on supervision for a period of 31 months. Mr. Perez-Romero, through counsel, requests early termination and states that the government joins in the motion. No reasons, however, were given in the motion for the request for early termination.

[1] ECF No. 58.

18 U.S.C. § 3583(e) permits the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. Additionally, under U.S.S.G. section 5D1.4, the court is directed to conduct an individualized assessment of whether ongoing supervision is still needed, considering factors including compliance history, self-management, prosocial activities and support, risk-level reduction, and public safety concerns.

Mr. Perez-Romero does not reference or analyze the § 3553(a) factors. Considering these factors, the Court finds that early termination of Mr. Perez-Romero's supervised release is not appropriate at this time. The court has no information that Mr. Perez-Romero's conduct has violated the terms of his supervised release, but no burden has been placed on Mr. Perez-Romero during his term of supervision except for remaining outside of the United States. On further review of the § 3553(a) factors, the nature of the offense, possession of heroin with intent to distribute, is serious. His conduct while in the United States was unlawful and a danger to the public. As to Mr. Perez-Romero's history and characteristics, he has a number of juvenile adjudications in the United States that were not countable toward his criminal history points. He has no other adult criminal convictions, although he has a limited history of other arrests. He has no lawful immigration status in the United States. He does have family living in the United States, however, which may give him an incentive to unlawfully return to the United States. Regarding specific and general deterrence, those factors weigh against early termination on this

record. Completing the term of supervised release supports deterrence at both the individual and general levels. Finally, on this record, continuing supervised release is more supportive of promoting respect for the law and providing a just punishment for the offense given the underlying drug offense and criminal history.

At this time, early termination of supervised release is not well supported by the § 3553(a) factors. His supervision period has occurred entirely outside of the United States, such that his only burden during supervision has been to remain outside of the United States. It does not seem in the interests of justice to terminate that requirement early.

Mr. Perez-Romero's motion similarly provides limited information for the court's evaluation of the § 5D1.4 factors. All that is provided is Mr. Perez-Romero's history of compliance with the requirement not to re-enter the United States. The court has no other information regarding Mr. Perez-Romero's progress in the other factors the court is to consider, including self-management, prosocial activities and support, risk-level reduction, and public safety concern.

It is therefore ORDERED that the Motion for Early Termination of Supervised Release is DENIED.

DATED this 28th day of October, 2026.

BY THE COURT:

David Barlow
United States District Judge